SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
MARGO A. ROCCONI (No. 156805)
(E-mail: Margo_Rocconi@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-2854
Facsimile (213) 894-0081
Attorneys for Petitioner
HORACE EDWARDS KELLY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HORACE EDWARDS KELLY,<br><br>　　　　　Petitioner,<br>　　v.<br>R. K. WONG, Acting Warden, California State Prison at San Quentin,<br><br>　　　　　Respondent. | **DEATH PENALTY CASE**<br><br>Case No. CV 92-5420 TJH<br><br>Related Cases: CV 93-2951 TJH, CV 98-2722 TJH, CV 98-2723 TJH<br><br>**DEATH PENALTY CASE**<br><br>[~~PROPOSED~~] PROTECTIVE ORDER AND SEALING ORDER |

On April 10, 2009, Petitioner, Horace Kelly, filed a Motion to Stay Federal Habeas Corpus Proceedings Due to Incompetence of Petitioner pursuant to *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003). Some of the information relied upon by the experts, and potentially some additional evidence is protected by the attorney-client privilege and/or work product doctrine. *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003). Such information should remain confidential and under seal.

Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), the Court enters the following Protective Order and Sealing Order regarding (1) the declaration of Mark E. Olive, Esq.; (2) any documents or testimony regarding attorney-client privileged matters provided in discovery or at an evidentiary hearing in this matter; and (3) any reference to such documents or testimony in the parties' pleadings submitted to the Court:

1.   Expert declarations filed with Petitioner's Motion pursuant to *Gates* and any relevant portions in Petitioner's motion and any responsive briefing is subject to this Protective Order and Sealing Order and shall remained confidential and under seal. To the extent that this Court will order discovery or an evidentiary hearing related to Petitioner's Motion pursuant to *Gates*, all attorney-client communications and attorney work product shall be subject to this Protective Order and shall remain confidential and sealed.[1]

2.   All privileged documents and testimony produced to Respondent or presented in this action may be used only for purposes of litigating Petitioner's competency to assist counsel or other mental health or mental state claims for state and federal relief and may be used only by: (a) Petitioner and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Kelly v. Wong*, CV 92-5420 TJH; CV 93-2951 TJH; CV 98-2722 TJH; and CV 98-2723 TJH by the Office of the Federal Public Defender, and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) Respondent and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Kelly v. Wong*, CV 92-5420 TJH;

---

[1] Materials and testimony subject to a privilege and/or subject to the attorney work product doctrine will be referred to collectively hereinafter as "privileged" materials.

1  CV 93-2951 TJH; CV 98-2722 TJH; and CV 98-2723 TJH by the California Department
2  of Justice, Attorney General's Office, and persons retained by Respondent's counsel to
3  litigate this matter, including, but not limited to, outside investigators, consultants and
4  expert witnesses.  This Protective Order extends to members of the legal teams and all
5  persons retained by the parties to litigate this matter.  All such individuals shall be
6  provided with a copy of this Protective Order and Sealing Order.

7      3.    Except for disclosure to the persons and agencies described in Paragraph 2,
8  disclosure of the contents of the documents and testimony and the documents and
9  testimony themselves shall not be made to any other persons or agencies, including, but
10 not limited to, prosecutorial agencies and law enforcement personnel, without the Court's
11 order.

12     4.    Documents and testimony that Petitioner contends are privileged shall be
13 clearly designated as such by labeling the documents or testimony in a manner that does
14 not prevent reading the text of the document.

15     5.    All privileged information shall be submitted under seal in a manner
16 reflecting their confidential nature and designed to ensure that the privileged material will
17 not become part of the public record.  Should an evidentiary hearing be held in this
18 matter, privileged testimony shall be clearly designated as such by marking the transcripts
19 of the proceeding.  Any pleading, deposition transcript, discovery response or request,
20 or other papers served on opposing counsel or filed or lodged with the court that contains
21 or reveals the substantive content of the privileged matter shall be filed under seal, and
22 shall include a separate caption page that includes the following confidentiality notice or
23 its equivalent:
24
25

"TO BE FILED UNDER SEAL

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED"

6. If privileged documents or documents containing privileged matters are filed with this Court, they shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the case and the foregoing Confidentiality Notice. The Clerk of the Court is directed to maintain the confidentiality of any documents filed in accordance with the above. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

7. This order shall continue in effect after the conclusion of the habeas corpus proceedings in *Kelly v. Wong*, CV 92-5420 TJH; CV 93-2951 TJH; CV 98-2722 TJH; and CV 98-2723 TJH and specifically shall apply in the event of any post-conviction merits determination, and retrial of all or any portion of Petitioner's criminal case. Any

1  modification or vacation of this order shall only be made upon notice to and an
2  opportunity to be heard from both parties.
3  SO ORDERED.
4  DATED: 6/4/12

HON. TERRY J. HATTER, JR.
United States District Judge

Presented by:

SEAN K. KENNEDY
Federal Public Defender


By: __/s/ Margo A. Rocconi__
MARGO A. ROCCONI
Deputy Federal Public Defender


Attorneys for Petitioner
HORACE EDWARDS KELLY